UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ROY CHAMBERS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-184 |
| | ) | |
| GEORGIA DEPARTMENT OF CORRECTIONS, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff Roy Chambers, Jr. has filed a Complaint alleging claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act against various individuals and entities responsible for his incarceration. *See generally* doc. 1. He has also moved to proceed *in forma pauperis*. *See* doc. 2. However, because his IFP application does not provide sufficient information for the Court to conclude that he is indigent, he must supplement it. He is, therefore, **DIRECTED** to supplement his IFP application by no later than September 4, 2024.

Chambers' application is not presented on the standard form provided for such applications, *see, e.g.,* forms AO 239 & 240, but it appears to track the general format of the "Short Form," Form AO 240.

1

Despite following the form, Chambers has provided very little substantive information. In response to most of the questions, he has responded "N/A." *See generally* doc. 2. In some instances, the Court might draw inferences from those responses. For example, by responding "N/A" to the question about his present income, *id.* at 2, the Court infers that he is currently unemployed. He affirmatively states that he has no source of income, including gifts, public assistance, or "other sources." *Id.* at 2-3. His response to the question about available cash or funds in a checking or savings account, "no-N/A," implies that he has no such assets. *Id.* at 3. His responses to questions about real estate or other valuable assets and dependents, again, implies that he has none. *Id.* at 3. The implication of those responses, however, is that Chambers is utterly destitute. However, he has provided the Clerk with a residential address in Hartford, Connecticut. It is unclear how he maintains such a residence or provides for the basic necessities of life without any income or assets.[1]

---

[1] Given that Chambers must supplement his application, the Court must make several points clear. First, Chambers must disclose any income he receives from federal or state disability benefits. Second, to the extent that Chambers receives support, whether he is provided monetary assistance or material support (*i.e.,* food and a residence), he must disclose such support. Such material support is relevant to the Court's consideration of whether leave to proceed *in forma pauperis* is appropriate. *See, e.g., Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court

Wary of indigency claims where information appears to have been omitted, and cognizant of how easily one may consume a public resource with no financial skin in the game,[2] this Court demands supplemental information from dubious IFP movants.  *See, e.g., Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345 (S.D. Ga. 2013); *Robbins v. Universal Music*

---

may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." (internal quotation marks and citation omitted)).

[2] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Courts thus deploy appropriate scrutiny.  *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), *cited in In re Zow*, 2013 WL 1405533 at *2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, *inter alia*, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Service*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee); *Swain v. Colorado Tech. Univ.*, 2014 WL 3012730 at *1 n.1 (S.D. Ga. May 14, 2014).

To that end, the Court tolerates no lies.  *Ross v. Fogam*, 2011 WL 2516221 at *1 (S.D. Ga. June 23, 2011) ("Ross, a convicted criminal, chose to burden this Court with falsehoods, not honesty.  The Court thus rejects Ross's show cause explanation, as it is clear that he purposefully chose to disguise his filing history and financial status."); *Johnson v. Chisolm*, 2011 WL 3319872 at *1 n.3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit of North America, LLC*, 2013 WL 842515 (11th Cir. Mar. 6, 2013) ("Moss's [IFP on appeal] motion is DENIED because her allegation of poverty appears to be untrue in light of her financial affidavit and filings in the district court.").

*Grp.*, 2013 WL 1146865 at *1 (S.D. Ga. Mar. 19, 2013). Plaintiff, therefore, must amend his application to proceed IFP, to provide additional information.[3]

Chambers is, therefore, **DIRECTED** to file a supplemental application to proceed IFP by no later than September 4, 2024. The Clerk of Court is **DIRECTED** to include with this Order a copy of the long-form Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 239), and Chambers is **DIRECTED** to file his supplemental application again using this long form. In completing the supplemental application, he must answer every question to the best of his ability. If

---

[3]  A few important points must be underscored here:

> First, proceeding [IFP] in a civil case is a privilege or favor granted by the government. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, the statute reads that the court "may authorize the commencement" of an action. 28 U.S.C. § 1915(a)(1). The grant, denial, or other decision concerning an [IFP] application requires the court to exercise discretion. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (explaining the purpose of 28 U.S.C. § 1915 and stating the decision of whether to grant or deny in [IFP] s status under 28 U.S.C. § 1915 is discretionary).

*Lafontaine v. Tobin*, 2013 WL 4048571 at *1 (N.D. Iowa Aug. 9, 2013) (emphasis added); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items).

4

he lacks the requested information, he should reflect the lack of knowledge in his response and provide his best estimation of the requested amount. He must sign the form. Failure to comply with this Order may result in a recommendation that his case be dismissed. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED,** this 21st day of August, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA