UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ROY CHAMBERS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV424-184 |
| ) | |
| GEORGIA DEPARTMENT OF ) | |
| CORRECTIONS, COASTAL ) | |
| STATE PRISON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Proceeding *pro se*, Plaintiff Roy Chambers brings this 42 U.S.C. § 1983 action against the Georgia Department of Corrections ("GDC"), Coastal State Prison ("CSP"), Georgia Diagnostic Prison ("GDP), as well as nine individual Defendants. Doc. 1. Plaintiff seeks to pursue his claim *in forma pauperis*, *see* docs. 2 & 5, and he filed a "Motion in Support of Filing for in Forma Pauperis and Plaintiff's Motion for Filing This New Claim," doc. 6. After reviewing Plaintiff's application to proceed IFP, it appears that he lacks sufficient resources to prepay the filing fee. Accordingly, the Court **GRANTS** Plaintiff leave to proceed in forma pauperis. Docs. 2 & 5; *see also* doc. 6, in part.

1

## I. Background

Plaintiff has attempted to sue most of the same Defendants twice before this case. *See Chambers v. Benton*, 4:21-cv-002 (S.D. Ga. Jan. 5, 2021); *Chambers v. Benton*, 4:21-cv-337 (S.D. Ga. Nov. 24, 2021). Plaintiff's present Complaint ostensibly alleges claims pursuant to the Americans with Disabilities Act ("ADA"), Eighth Amendment violations pursuant to 42 U.S.C. § 1983, as well as mentions claims for medical malpractice. Doc. 1 at 1-2. He claims he seeks damages for injuries suffered while being transported from one GDC facility to another, as well as receiving secondhand smoke injuries during his confinement. Plaintiff seeks to sue the GDC, CSP, GDP, Warden Brooks Benton, "Mack/Worthen," Warden Betterson, Warden Phillip Glenn, "Love," Warden Thornton, "Awe," "Agewaman," and "Muhammad," but he never identifies which individual or entity is responsible for which claim. Doc. 1 at 4-5.

Though Plaintiff includes Defendants who appear irrelevant to his claims and mentions "medical malpractice," his complaints are twofold: (1) he claims he was housed in a cell where he was injured by inhaling secondhand smoke, presumably from other inmates who openly smoked

despite it being a smoke free area; and (2) he was transported in a van that was not ADA compliant and was forced to crawl up and down the steps of the van upon entry and exit. *See generally*, doc. 1.

## II. Legal Standard

The Court reviews Plaintiff's claim pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether he has stated a colorable claim for relief. A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. *See* 28 U.S.C. § 1915(e)(2)(B). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.*, and the facts offered in support of the claims must rise to a level greater than mere speculation, *see Twombly*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)). Conclusory allegations, however, fail. *Iqbal*, 556 U.S. at 678 (discussing a Rule 12(b)(6) dismissal). As Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

### III. Discussion

Although a court is generally limited to the facts contained in the complaint and attached exhibits when considering its sufficiency under the 12(b) standard, a court may consider documents referred to in the complaint that are central to the claim and whose authenticity is undisputed. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) ("A court's review on a motion to dismiss is limited to the four corners of the complaint. A court may consider only the complaint itself

and any documents referred to in the complaint which are central to the claims.") (quotation omitted); *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss . . . the court limits its consideration to the pleadings and exhibits attached thereto."); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 n. 3 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

Furthermore, courts may take judicial notice of public records, such as a pleading filed in another court, because such documents are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (citing Fed. R. Evid. 201(b)(2)). However, judicial notice may be taken only to establish what those documents contain, not the veracity of their contents. *See id.*; *Klopfenstein v. Deutsche Bank Sec., Inc.*, 592 F. App'x 812, 816 n. 5 (11th Cir. 2014) (holding that judicial notice of public records, such as court filings, is proper); *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52,

53 (11th Cir. 2006) (same); *Martin v. Hogue*, 2011 WL 2894986, at *2 (M.D. Fla. July 20, 2011) (taking judicial notice of the Clerk of Court for the Thirteenth Judicial Circuit's progress docket which showed that a jury found plaintiff guilty of robbery).

    As relevant here, Petitioner previously filed suit under the ADA and § 1983 regarding claims stemming from an April 17, 2020 fire which broke out in the ADA dorm where he was housed at CSP.  In that case, the Court explained to Plaintiff several times that he could not pursue claims under the ADA against individuals and that, to state a claim under the ADA against entities, he must allege that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity, and that the exclusion, denial of benefit, or discrimination *was by reason of his disability*.  See *Chambers*, 4:21-cv-002, doc. 19 at 4 (S.D. Ga. May 23, 2022) (quoting the Court's previous instruction at doc. 15).  Plaintiff has made no allegation of discriminatory animus herein, despite already having been instructed multiple times.

    Also, the Court has explained to Plaintiff that, "[i]n the ordinary course, proof of a Title II . . . violation entitles a plaintiff only to injunctive

relief." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1134 (11th Cir. 2019). Plaintiff cannot herein seek injunctive relief since he has long been released from jail. *See generally*, docket (Plaintiff identifying his non-prison address); *see also Chambers*, 4:21-cv-002, doc. 34 at1 (S.D. Ga. Aug. 16, 2022) (Plaintiff informing the Court he was released from CSP on May 20, 2022). Plaintiff seeks only monetary damages in the form of "immediate settlement . . . for injuries received." Doc. 1 at 26. Entitlement to monetary damages under the ADA would require him to show "intentional discrimination, which requires a showing of 'deliberate indifference.'" *Silberman*, 927 F.3d at 1134.

Moreover, in order to hold a government entity liable under the ADA, a plaintiff must demonstrate that an "official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the [entity's] behalf" had "actual knowledge of discrimination in the [entity's] programs and fail[ed] adequately to respond." *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 349 (11th Cir. 2012) (quoting *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998)) (cleaned up). To qualify, that "official" must be "high enough up the chain-of-command that his [or her] acts constitute an official

decision by the [entity] not to remedy the misconduct." *J.S., III by and through J.S. Jr. v. Houston Cnty. Bd. Of Educ.*, 877 F.3d 979, 987 (11th Cir. 2017) (internal quotation marks omitted). Plaintiff's continued efforts to sue individuals under the ADA are in vain, and his dogged attempts to craft new theories of relief against entities, without alleging any discriminatory animus and with no facts supporting deliberate indifference, is frivolous. His ADA claim should be dismissed.

Furthermore, in order to prevail in a civil rights action under 42 U.S.C. § 1983, a plaintiff must show that he or she was deprived of a federal right *by a person* acting under color of state law. *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). A claim for deliberate indifference to a serious illness or injury is cognizable under § 1983. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Specifically relevant here, "[t]o establish a violation of the Eighth Amendment due to exposure to second-hand smoke, or environmental tobacco smoke ("ETS"), a prisoner must show that the defendants have, 'with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health.'" *Cassady v. Donald*, 447 F. App'x 28, 30 (11th Cir. 2011) (quoting *Helling v. McKinney,* 509 U.S. 25, 35,

(1993)).  A plaintiff must then show disregard of the risk and conduct that is more than mere negligence.  *Brown v. Johnson,* 387 F.3d 1344, 1351 (11th Cir. 2004); *see also Kelley v. Hicks,* 400 F.3d 1282, 1284 (11th Cir. 2005).

Plaintiff's § 1983 claim, which appears to be intermingled with his ADA allegations, is that he inhaled second-hand smoke in his ADA dorm. By not making clear allegations against specific individuals, it is evident that Plaintiff seeks to shoehorn his ADA claim into the § 1983 claim to gain traction, and potentially vice-versa as well.  This tactic is futile. Moreover, this type of pleading fails to meet pleading standards required by the Federal Rules.  "A dismissal under Rules 8(a)(2) and 10(b) is appropriate where 'it is *virtually* impossible to know which allegations of fact are intended to support which claim(s) for relief.'"  *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1325 (11th Cir. 2015) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (explaining and disparaging so-called "shotgun" pleadings such as this)).

Plaintiff has been told that he may not use his vague ADA allegations to establish knowledge of risk of harm.  As before, "Plaintiff's

9

allegations concerning noncompliance with ADA regulations, at most, establish defendants knew facts from which an inference could be drawn that harm to prisoners' ADA rights was likely, but not that they actually drew such an inference." *Chambers*, 4:21-cv-002, doc. 19 at 6, n. 1 (citations omitted). He has also been warned that he may not establish a claim against an entity under § 1983 even when he alleges those entities had "subjective knowledge" of the risk of harm and his medical needs. *Id.* at 10, n. 2.

Instead, he may only sue *individuals* under § 1983.[1] As he was told before, *Chambers*, 4:21-cv-002, doc. 19 at 10, n. 2, to state a claim under § 1983, a plaintiff must allege that a person acting under color of state

---

[1] Of course, Plaintiff could pursue municipal liability by alleging policy-based claims, but the facts he alleges do not support such a claim. *See, e.g.*, *Rogers v. Sheriff of Santa Rosa Cnty., Fla.*, 2023 WL 2566087, at *1 (11th Cir. Mar. 20, 2023), *cert. denied sub nom. Johnson v. Rogers*, 144 S. Ct. 377 (2023) ("[W]e have previously considered the question of whether individual liability under § 1983 is a necessary component of *Monell* liability, and in *Barnett v. MacArthur*, 956 F.3d 1291, 1301 (11th Cir. 2020), we held that it is not"). Even if he had alleged facts supporting entity liability, the prisons are not entities capable of being sued. *See Parks v. Georgia*, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (explaining "penal institutions are entities which are not capable of being sued, as they are buildings"); *see also Brannon v. Thomas Cnty. Jail*, 280 F. App'x 930, 934 n. 1 (11th Cir. 2008) (*per curiam*) (noting "Thomas County Jail is not entity capable of being sued under Georgia law"). Appropriate parties for suit under § 1983 included "persons" who participated in the alleged violation. *See* 42 U.S.C. § 1983 (subjecting only "persons" to liability); *Herrington v. Effingham Cnty. Sheriff's Off.*, 2011 WL 2550464, at *1 (S.D. Ga. Apr. 21, 2011). Plaintiff's attempts to sue the various prisons under § 1983 are fruitless no matter the theory.

law violated his constitutional rights. 28 U.S.C. § 1983. He must show that the person identified "at a minimum, acted with a state of mind that constituted deliberate indifference." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Plaintiff does not claim that any particular person—much less any particular named Defendant—was aware of the smoke but failed to prevent it. Instead, he claims that "no ADA person should have to endure secondhand smoke." Doc. 1 at 25. Therefore, he has not alleged that anyone had subjective knowledge of a risk of harm, disregard of that risk, or the conduct of that individual after regarding the risk. His failure to identify specific individuals who have harmed him by being deliberately indifferent is fatal to his claim.

Ordinarily, Plaintiff would be afforded an opportunity to amend his pleading to correct deficiencies, *see, e.g., Alberto v. Sec'y Florida Dep't Corr.* 770 F. App'x 467, 469 (11th Cir. 2019) ("[W]e have previously said that a *pro se* plaintiff's failure to include a proper defendant is a curable defect."), but, given this is his third attempt to seek relief from the same Defendants, s*ee Chambers*, 4:21-cv-002 (S.D. Ga. Jan. 5, 2021); *Chambers*, 4:21-cv-337 (S.D. Ga. Nov. 24, 2021), his case should be dismissed instead. Any attempt to amend would be futile as this Court

11

has already determined that Plaintiff cannot show he has a cognizable injury implicating the Constitution, or that the Defendants were deliberately indifferent to his medical needs. *Chambers*, 4:21-cv-002, doc. 82 at 14-22; *see also id.* at 34-38 (outlining treatment received by Plaintiff while incarcerated and finding the medical records indicate no remarkable medical conditions). Although Plaintiff has attempted to show that his present case is distinct from his prior ones, *see* doc. 6, the Court, and the undersigned specifically, has reviewed Plaintiff's medical history at length in considering one of the other cases he filed, *Chambers*, 4:21-cv-002 (S.D. Ga. Jan. 5, 2021).

In that case, Plaintiff sued most of the same Defendants for ADA and § 1983 violations. Those Defendants provided the Court with evidence of Plaintiff's medical conditions and treatment while in custody, and the Court determined that Plaintiff had not alleged a cognizable injury under § 1983 because he could not show more than *de minimis* harm as of his release from prison. *See id.*, doc. 82, (S.D. Ga. May 22, 2025). The Court specifically noted that Plaintiff had not identified any injury "which could be rationally traced to smoke inhalation from the fire or otherwise." *Id.*, doc. 85 at 6 (S.D. Ga. Sept. 2, 2025). While the Court

12

does not find that Plaintiff's allegations are not credible and does not consider the veracity of either party's allegations or defenses in his previously filed case, it does find that amendment to Plaintiff's present Complaint would be futile given the conclusions made by the Court in that case. The Court takes judicial notice of its prior finding that, during his imprisonment, Plaintiff, on the whole, suffered *de minimis* injury, if any at all, and that he was provided constitutionally sufficient care by the prison officials while incarcerated. Consequently, Plaintiff cannot here show he suffered a constitutionally cognizable injury during that same period, as required to establish his constitutional claim. Thus, amendment of his § 1983 claims would be futile. As well, any attempt to amend Plaintiff's ADA claims would likewise be futile since Plaintiff has alleged no discriminatory animus, despite being informed of the statute's requirements, and despite being given multiple chances in other cases.[2]

## CONCLUSION

For all the foregoing reasons, Plaintiff's Complaint, doc. 1, should be **DISMISSED without prejudice**. His Motions for Leave to Proceed

---

[2] Plaintiff is afforded an opportunity to rebut the Court's conclusions by virtue of the objections period. However, the Court, in its discretion, will not affirmatively provide him with opportunity to amend unless he overcomes the hurdles described herein, given his litigation history.

IFP are **GRANTED**. Docs. 2 & 5; doc. 6, in part. However, given the recommended dismissal and the reasons for that dismissal, his "Motion in Support of Filing for in Forma Pauperis and his Motion for Filing this New Claim," doc. 6 in part, is **DENIED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED, REPORTED, AND RECOMMENDED,** this 5th day of September, 2025.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA