**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| ROY CHAMBERS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-184 |
| | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Plaintiff Roy Chambers filed this 42 U.S.C. § 1983 action against the Georgia Department of Corrections ("GDC"), Coastal State Prison ("CSP"), Georgia Diagnostic Prison ("GDP), as well as nine individual Defendants, alleging claims pursuant to the Americans with Disabilities Act ("ADA"), Eighth Amendment violations pursuant to 42 U.S.C. § 1983, and claims for medical malpractice. *See generally* doc. 1. His claims were twofold: (1) he was housed in a cell where he was injured by inhaling secondhand smoke, presumably from other inmates who openly smoked despite it being a smoke free area; and (2) he was transported in a van that was not ADA compliant and was forced to crawl up and down the steps of the van

1

upon entry and exit. Doc. 9 at 2-3. The undersigned screened his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and, after analyzing his allegations in this case and his prior litigation history in this Court, recommended it be dismissed. *Id.* at 3-13.

The Report and Recommendation entered on September 5, 2025. Doc. 9. Therefore, Chambers' objections were due no later than September 22, 2025. Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(d). After that deadline expired, on September 24, 2025, the District Judge conducted a *de novo* review and adopted the Report and Recommendation, to which no objections had been timely filed. Doc. 10. Judgment entered that same day. Doc. 11. One day later, on September 25, 2026, Chambers filed his objections. Doc. 12. Chambers has now filed a Motion to Reconsider and Vacate Judgment. Doc. 13. A review of the substance of his Motion shows that he asks the Court to consider his untimely objections. *See generally id.* He cites Federal Rules of Civil Procedure 59(e) and 60(b) and argues his delay in submitting his objections was a result of excusable neglect. *Id.* at 2-3.

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly."

*Smith ex rel. Smith v. Augusta-Richmond County*, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly[ ]discovered evidence or manifest errors of law or fact." *Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

The Eleventh Circuit has considered a similar situation, where a plaintiff failed to object to a Report and Recommendation and it was subsequently adopted. *Greene v. Alabama Dep't of Pub. Health*, 715 F. App'x 916, 919 (11th Cir. 2017). The appellate court found that the plaintiff's argument "could have been raised—indeed, *should* have been raised—as an objection to the R&R before judgment was entered." *Id.* So too, here. Because Chambers could have raised the arguments he now

3

presents prior to the order and entry of judgment, he is "ineligible for relief under Rule 59(e)." *Id.* His Motion for Reconsideration under Rule 59(e) should be **DENIED**. Doc. 13, in part.

Chambers also moves for relief from judgment under Rule 60(b). Doc. 13 at 2. Under Rule 60, the Court

> may relieve a party of a final judgment or order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not previously have been discovered with reasonable diligence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment that has been satisfied, released or discharged, that is based on an earlier judgment that has been reversed or vacated, or that it would no longer be equitable to apply prospectively; or (6) any other reason that justifies relief.

*Jones v. Thomas*, 605 F. App'x 813, 815 n. 1 (11th Cir. 2015) (citing Fed. R. Civ. P. 60(b)). "Rule 60(b)(6) motions must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is a matter for the district court's sound discretion.'" *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (alteration omitted) (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000)).

Chambers argues the delay in the Court receiving his objections was "entirely beyond [his] control and should be considered excusable

neglect under Rule 60(b)(1). Doc. 13 at 2. He claims he mailed his objection "within the 14 day timeframe required by law of him," but also explains he mailed it "on the 13th day, using the United States Postal Service." *Id.* "When papers are mailed to the clerk's office, filing is complete when the papers are received by the clerk," and any papers which "arriv[e] after a deadline are untimely even if mailed before the deadline." *See Strickland v. Wayne Farms-Southland Hatchery*, 132 F. Supp. 2d 1331, 1333 (M.D. Ala. 2001) (quotations omitted) (citations omitted); *see also Joye v. Sec'y Dep't of Navy*, 736 F. App'x 861, 864 (11th Cir. 2018) (dismissing an action brought by a pro se plaintiff when the pro se plaintiff mailed her complaint to the clerk's office within the time allotted but the clerk's office did not receive it until the day after the deadline expired).

Chambers references the Court's "prior treatment of his filings as timely, based on his history in this same court with a different judge." Doc. 13 at 2. He may be referencing the application of the "prison mailbox rule" on his filings submitted when he was incarcerated. *See, e.g.*, *Chambers v. Benton*, 4:21-cv-002, doc. 1 (S.D. Ga. Jan. 5, 2021). "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on

the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (internal quotations and citation omitted). Chambers was not incarcerated when he initiated this case, *see* doc. 1 at 28 (including a civilian return address), and was not incarcerated when he submitted his untimely objections, *see* doc. 12 at 35 (including same civilian return address). He is, therefore, not entitled to application of the prison mailbox rule. *Williams v. Russo*, 636 F. App'x 527, 531 (11th Cir. 2016) ("The mailbox rule only applies to (1) court filings (2) submitted by *pro se* prisoners."). His objections were not filed until they were received by the Clerk, and they were received by the Clerk after the deadline, after judgment had entered. Doc. 12. Chambers' placing his filing in the mail the day before the deadline ran is not "sufficiently extraordinary" to justify relief under Rule 60(b). His Rule 60(b) Motion should, therefore, be **DENIED**. Doc. 13, in part.

He has also filed a Motion seeking a status update. Doc. 14. Given this Report and Recommendation, his request is **DISMISSED AS MOOT**. Doc. 14.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B)

6

and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.   The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 23rd day of July, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

7